IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY RICHARDS, #286446        *
    Plaintiff,
       v.                            *       CIVIL ACTION NO. WDQ-15-615

DAVID BLUMBERG                   *
TIMEKO BURNS
STEVEN DEGROSS                   *
    Defendants.
                           *****

MEMORANDUM

On March 4, 2015, the court received for filing the above-styled 42 U.S.C. § 1983 civil rights action submitted by Maryland Division of Correction inmate Jeffrey Richards ("Richards"). Richards states that on August 26, 2012, he was released from incarceration on mandatory supervision and pursuant to the directions of the Maryland Parole Commission, he was sent to a treatment program. He claims that after the initial assessment at the program on August 30, 2012, he was questioned regarding his contact with a young woman by an employee of the program and the Department of Parole and Probation was contacted. Richards states that he was subsequently cited for having contact with a child under the age of eighteen, a violation of the special conditions of his mandatory supervision. ECF No. 1. He claims that no one investigated the incident, the contact he had with the young woman was "accidental and inadvertent," and a meeting he was to have with Parole Field Supervisor Burns and Senior Parole Agent DeGross never took place. Richards alleges that Burns and DeGross issued a parole re-

take warrant and his parole was revoked by Commissioner Blumberg at an October 5, 2012 hearing, at which time he was remanded into state custody for a term of 953 days. Richards seeks damages of $300.00 for each day of his remanded custody. ECF No. 1. Because he appears indigent, Richards shall be granted leave to proceed in forma pauperis. His complaint shall, however, be summarily dismissed.

Insofar as Richards has raised allegations that his parole revocation was invalid, his complaint fails. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff may not bring an action under § 1983 that calls into question the lawfulness of parole revocation without first having had the revocation decision reversed. *See McDaniel v. Stachowski*, 104 F.3d 349, 349 (2d. Cir. 1996). A claim that undermines the validity of Richards's parole revocation also challenges the fact or duration of his confinement and is barred by *Heck*. Both as a matter of logic and of precedent, *Heck* applies to challenges to the revocation of parole. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). There is no indication in the record that Richards has even sought to overturn the parole revocation. The fact that Richards challenges his revocation of parole rather than his underlying conviction or sentence does not bring him out from under *Heck*. *See White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997); *see also Mowatt v. Chick*, 2011 WL 2711167 (D. Md. 2011).[1] A

---

[1] Absolute immunity has also been extended to parole officials because they perform tasks that are functionally comparable to those of judges. *Pope v. Chew*, 521 F.2d 400 (4th Cir. 1975). *See also Walrath v. United States*, 35 F.3d 277, 281-82 (7th Cir. 1994) (holding members of the United States Parole Commission staff and the Commissioner are absolutely immune from suit for actions taken in revoking parole); *Sellars v. Procunier*, 691 F.2d 1295 (9th Cir. 1981) (absolute immunity for Parole

separate Order follows granting Richards leave to proceed without the prepayment of the filing fee, but dismissing the case without prejudice.

Date: March 11, 2015.

_____
William D. Quarles, Jr.
United States District Judge

---

Board members); *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1150 (5th Cir.1985) (same); *Nelson v. Balazic,* 802 F.2d 1077 (8th Cir. 1986) (same); *Harper v. Jeffries,* 808 F.2d 281, 284 (3d Cir. 1986) (absolute immunity for hearing examiner who conducted detention proceeding and made recommendation to parole board). Absolute immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Defendant Blumberg is therefore entitled to dismissal of all claims against him in his individual capacity under the doctrine of absolute immunity.